### INDUST COMM v POLCEN

Ohio Supreme Court
No 21680. Decided Dec. 4, 1929

Syllabus by ALLEN, J.

#### EMPLOYER & EMPLOYE

(250 W3) Where the record shows that a claimant for compensation under the Workmen's Compensation Act, working in the sulphuric department of a chemical company, was caused by the emission of sulphuric fumes into the plant of such chemical company to have a coughing spell, which resulted in a hernia, such hernia constitutes an injury compensable under the Workmen's Compensation Act.

Marshall, C. J., Kinkade, Robinson, and Day, JJ., concur.

### BARSTON etc v CRAIG etc

Ohio Supreme Court
No 21748. Decided Dec. 4, 1929

Syllabus by MATTHIAS, J.

#### TRIAL

(590 Cg) Section **11447, GC,** confers upon parties in civil actions the right to have instructions presented in writing, given to the jury before argument, upon request, if same be a correct statement of the law and pertinent to one or more issues in the case. A denial of such right constitutes prejudicial error.

#### NEGLIGENCE

(370 C) The doctrine of comparative negligence has application in this state only in actions by an employe against his employer.

#### AUTOMOBILES

(50 Nc) In the trial of an action to recover damages for negligence in the operation of a motor vehicle, evidence of negligence on the part of plaintiff having been adduced, it was not error to give to the jury the following requested instruction before argument: "If you find from the evidence that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant."

Kinkade, Robinson, Jones, and Day, JJ., concur.

### SCHUMACHER et v OHIO SAV & TR CO

Ohio Supreme Court
No 21648. Decided Dec. 4, 1929

Syllabus by JONES, J.

#### HUSBAND & WIFE—Debtor & Creditor (210 J)

(290 P2) A husband and wife each owned, as tenants in common, individual moieties in certain premises. The husband's moiety was sold at judicial sale and the proceeds thereof brought into court for distribution. The wife's undivided interest in the premises was not sold. The husband and wife, living together, continued to occupy the premises as a homestead. **Held,** that the wife, as a tenant in common, is entitled to claim in such a proceeding a homestead in the premises; but since both husband and wife had a homestead which they were occupying, neither could claim an allowance in lieu thereof out of the proceeds derived from the sale of the husband's moiety.

Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.